# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Travis Floyd Bleak,

      Plaintiff,

    v.

Church of Jesus Christ of Latter-Day Saints,[1]

      Defendant.

Case No. 2:25-cv-01830-APG-DJA

**Order**

Under 28 U.S.C. § 1915 incarcerated Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee). (ECF No. 10). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not state a claim upon which relief can be granted, it dismisses the complaint with leave to amend.

## I.    *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 10). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

---

[1] In the caption of his complaint, Plaintiff appears to list two Defendants: (1) Church of Jesus Christ; and (2) Latter-Day Saints. However, from Plaintiff's allegations referring to the "Church of Latter Day Saints," it appears that he intended to name the Church of Jesus Christ of Latter Day Saints as one Defendant. In any amended complaint, Plaintiff must clearly indicate the Defendant(s) in the caption.

**II.      Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.    Screening the complaint.**

Plaintiff sues the Church of Jesus Christ of Latter Day Saints for damages. While his complaint is not entirely clear, Plaintiff appears to allege that he has suffered lifelong mental and physical disabilities in the form of drug addiction as a result of sexual assault he experienced at the hands of two church elders in 1988 when he was eight years old. Plaintiff brings his complaint under 42 U.S.C. § 1983[2] and seeks damages totaling $7 billion.

As a preliminary matter, while Plaintiff asserts that his claims arise under 42 U.S.C. § 1983, Plaintiff does not identify the rights, privileges, or immunities secured by the Constitution and laws of the United States that he claims Defendant violated. Additionally, only persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" are liable under 42 U.S.C. § 1983. This means that private persons and entities are not typically liable under the statute. And Plaintiff has not otherwise alleged that Defendant was acting under color

---

[2] Plaintiff also references 8 U.S.C. § 8 (now repealed) and 1 U.S.C. § 1 (providing guidance for determining the meaning of any Act of Congress). However, neither of these statutes are applicable in the context of Plaintiff's allegations.

of State law.[3] So, the Court dismisses his claims under 42 U.S.C. § 1983 without prejudice and with leave to amend.

Plaintiff also claims that he is disabled under the Americans with Disabilities Act ("ADA"). But he does not bring any claims arising under that Act. For example, Plaintiff does not allege that Defendant discriminated against him or retaliated against him on the basis of his disability.

Plaintiff also appears to bring a tort claim for "tor[t]ure", which the Court liberally construes as a claim for intentional infliction of emotional distress given Plaintiff's simultaneous reference to "[purposeful] infliction of pain and[/]or mental anguish."[4] This claim arises under Nevada law. However, as outlined above, the Court has dismissed Plaintiff's claims to the extent they arise under 42 U.S.C. § 1983 and Plaintiff has not alleged an ADA claim. So, the Court lacks federal question jurisdiction, and therefore supplemental jurisdiction, over Plaintiff's remaining state law claim. *See* 28 U.S.C. § 1331; *see* 28 U.S.C. § 1367(a). Plaintiff does not invoke the Court's diversity jurisdiction and, even if he did, it is unclear if the Court has diversity

---

[3] The Supreme Court has developed four different tests that aid courts in determining when a private person or entity is engaging in state action: (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus. *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021). The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental. *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 748 (9th Cir. 2020). The close nexus and joint action tests may be satisfied where the court finds a sufficiently close nexus between the state and the private actor so that the action of the latter may be fairly treated as that of the State itself, or where the State has so far insinuated into a position of interdependence with the private party that it was a joint participant in the enterprise. *Id.* Governmental compulsion or coercion may exist where the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. *Id.*

[4] To state a claim for intentional infliction of emotional distress under Nevada law a plaintiff must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Welder v. Univ. of S. Nevada*, 833 F.Supp.2d 1240, 1245 (D. Nev. 2011) (quoting *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999)).

jurisdiction over his claims.  28 U.S.C. § 1332.  So, the Court dismisses Plaintiff's state law claim without prejudice as well.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) is **granted.**  Plaintiff will not be required to pay an initial installment fee.  Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Travis Floyd Costa**[5] **#1027731** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.

---

[5] Plaintiff's name on his financial certificate is listed as "Travis F. Costa."  (ECF No. 9).  On his application to proceed *in forma pauperis*, Plaintiff also refers to himself as "Travis F. Bleak (Costa)."  (ECF No. 10).  And the Nevada Department of Corrections' public records list Plaintiff's name as "Travis Floyd Costa."  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that the court may "take judicial notice of court filings and other matters of public record").

Plaintiff will have until **June 10, 2026,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: May 11, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE